**THE WAGNER FIRM**
Avi Wagner (SBN 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Counsel for Plaintiff*
[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVAIN HAMEL, Derivatively on Behalf of Nominal Defendant THE CRYPTO COMPANY, ) ) ) ) | CASE NO.: |
| Plaintiff, ) ) | **VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT** |
| v. ) ) ) | |
| MICHAEL ALCIDE POUTRE III, JAMES GILBERT, AND ANTHONY STRICKLAND, ) ) ) ) | |
| Defendants, ) ) | **JURY TRIAL DEMANDED** |
| and ) ) | |
| THE CRYPTO COMPANY, a Nevada Corporation, ) ) ) | |
| Nominal Defendant. ) | |

Plaintiff Sylvain Hamel ("Plaintiff"), derivatively on behalf of The Crypto Company ("Crypto" or the "the Company"), alleges the following based upon personal knowledge as to himself and his own acts, and upon information and belief and investigation of counsel as to all other matters.  That investigation includes, among other things, a thorough review and analysis of public documents, court filings, press releases and news articles concerning Crypto, and the other facts as set forth herein:

## NATURE OF THE ACTION

1.     This is a shareholder derivative action brought on behalf of, and for the benefit of, Crypto, against certain of its officers and/or directors named as defendants herein seeking to remedy their breaches of fiduciary duties.  Defendants' actions have caused, and will continue to cause, substantial financial harm and reputational damage to Cyrpto.

2.     The Company is engaged in the business of advising regarding, investing in, trading and developing proprietary source code for digital assets with diversified exposure to digital asset markets.  The Company's core services include consulting and advising companies regarding investment and trading in the digital asset market and investing in a manner that diversifies exposure to the growing class of digital assets.

3.     On June 7, 2017, the Company entered into a Share Purchase Agreement with Croe, Inc. ("Croe"), and as a result of the stock sale, stock dividend and share exchange, became a wholly owned subsidiary of Croe.

4.     On October 25, 2017, Croe changed its name to "The Crypto Company."

5.     Founded in 2017, the Company is headquartered in Malibu, California, and its stock trades on the OTC Markets Group's Other OTC market, under the ticker symbol "CRCW."

6.     Throughout the Relevant Period, Defendants (listed below) made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company unlawfully engaged in a scheme to promote and manipulate its stock; and (ii) as a result, the Company's public statements were materially false and misleading at all relevant times.

7.     On December 19, 2017, the United States Securities and Exchange Commission ("SEC") temporarily suspended the Company stock from trading due to concerns that the stock was being manipulated after the Company share price surged more than 17,000% in less than 3 months. The SEC said it was alarmed about "the accuracy and adequacy of information in the marketplace about, among other things, the compensation paid for promotion of the [C]ompany, and statements in Commission filings about the plans of the [C]ompany's insiders to sell their shares of The Crypto Company's common stock."  The Company stock was trading at $575 per share at the time trading was suspended.

## JURISDICTION AND VENUE

8.     This Court also has jurisdiction over the claims asserted herein under 28 U.S.C. §1331 because there the plaintiff and the defendants have diverse citizenship.

9.     The Court has jurisdiction over each defendant because each defendant is either a corporation that does sufficient business in California or is an individual who has sufficient minimum contacts with California so as to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

10.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because one or more of the defendants either resides in or maintains executive offices in this District, including Nominal Defendant Crypto, a substantial portion of the

transactions and wrongs complained of herein – including Defendants' primary participation in the wrongful acts detailed herein and aiding and abetting in violations of fiduciary duties owed to Crypto –occurred in this District, and Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

11.    In connection with the acts and conduct alleged herein, Defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, and interstate telephone communications.

## PARTIES

**Plaintiff**

12.    ***Plaintiff Sylvain Hamel*** is a citizen of the nation of Canada and a current Crypto shareholder during the Relevant Period and who purchased his shares on the OTC.  Plaintiff will continue to hold Crypto shares throughout the pendency of this action.  Plaintiff will fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation.

**Nominal Defendant**

13.    ***Nominal Defendant Crypto*** is incorporated in Nevada, and the Company's principal executive offices are located at 23805 Stuart Ranch Road, Suite 235, Malibu, California 90265. Crypto's securities trades on the Other OTC under the ticker symbol "CRCW."

**Director Defendants**

14.    ***Defendant Michael Alcide Poutre II*** ("Poutre") has served at all relevant times as the Company's Chief Executive Officer ("CEO") and Chairman of the Board of Directors ("Board").  Poutre is, upon information and belief, a citizen of the State of California.

15.     ***Defendant James Gilbert*** ("Gilbert") is the President and Director of the Company.  Gilbert is, upon information and belief, a citizen of the State of California.

16.     ***Defendant Anthony Strickland*** ("Strickland") is a Director of the Company.  Strickland is, upon information and belief, a citizen of the State of California.

## SUBSTANTIVE ALLEGATIONS

17.     On August 21, 2017, Defendants caused the Company to file a quarterly report on Form 10-Q with the SEC that announced the Company's financial and operating results for the quarter ended June 30, 2017 (the "2Q 2017 10-Q"). For the quarter, the Company reported a net loss of $920,000, or $0.07 per diluted share, on revenue of $0.

18.     In the 2Q 2017 10-Q, the Company stated, in relevant part:

> Despite the material weaknesses reported above, our management believes that our financial statements included in this report fairly present in all material respects our financial condition, results of operations and cash flows for the periods presented and that this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report.  In an effort to remedy any material deficiencies, management intends to segregate duties and controls among different officers and other key employees, whereby each officer is expected to have distinct responsibilities implementing checks and balances over the

control of assets to protect the Company against any possibility of misstatement.

**Changes in Internal Control over Financial Reporting**

No changes in the Company's internal control over financial reporting have come to management's attention during the Company's last fiscal, quarter that have materially affected, or are likely to materially affect, the Company's internal control over financial reporting.

19. The 2Q 2017 10-Q contained signed certifications pursuant to SOX by Defendant Poutre, stating that "[t]he information contained in [the 2Q 2017 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company at the dates for the periods covered by [the 2Q 2017 10-Q]."

20. On November 14, 2017, Defendants caused the Company to file a quarterly report on Form 10-Q with the SEC that announced the Company's financial and operating results for the quarter ended September 30, 2017 (the "3Q 2017 10-Q"). For the quarter, the Company reported a net loss of $1.51 million, or $0.08 per diluted share, on revenue of $10,000.

21. In the 3Q 2017 10-Q, the Company stated in relevant part:

Despite the material weaknesses reported above, our management believes that our financial statements included in this report fairly present in all material respects our financial condition, results of operations and cash flows for the periods presented and that this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements, in light of the circumstances under which such statements were made, not misleading with respect to the period

covered by this report. In an effort to remedy any material deficiencies, management intends to segregate duties and controls among different officers and other key employees, whereby each officer is expected to have distinct responsibilities implementing checks and balances over the control of assets to protect the Company against any possibility of misstatement.

**Changes in Internal Control over Financial Reporting**

No changes in the Company's internal control over financial reporting have come to management's attention during the Company's last fiscal quarter that have materially affected, or are likely to materially affect, the Company's internal control over financial reporting.

22. The 3Q 2017 10-Q contained signed certifications pursuant to SOX by Defendant Poutre, stating that "[t]he information contained in [the 3Q 2017 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company at the dates for the periods covered by [the 3Q 2017 10-Q]."

23. The statements referenced above were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Crypto unlawfully engaged in a scheme to promote and manipulate the Company's stock; and (ii) as a result, Crypto's public statements were materially false and misleading at all relevant times.

1

**THE TRUTH EMERGES**

2      24.    On December 18, 2017, the SEC issued a release announcing the

3  suspension of trading in the securities of Crypto stock due to concerns that the stock

4  is being manipulated after the shares surged more than 17,000% in less than 3

5  months. The release provided, in pertinent part:

6         Release No. 34-82347 / December 18, 2017

7                The    Securities    and    Exchange    Commission

8         ("Commission")  announced  the  temporary  suspension,

9         pursuant to Section 12(k) of the Securities Exchange Act

10        of 1934 (the "Exchange Act"), of trading in the securities

11        of The Crypto Company ("CRCW"), of Malibu, California

12        at 9:30 a.m. EST on December 19, 2017, and terminating

13        at 11:59 p.m. EST on January 3, 2018.

14                The Commission temporarily ***suspended trading in***

15        ***the  securities  of  The  Crypto  Company  because  of***

16        ***concerns  regarding  the  accuracy  and  adequacy  of***

17        ***information  in  the  marketplace  about,  among  other***

18        ***things,  the  compensation  paid  for  promotion  of  the***

19        ***company,  and  statements  in  Commission  filings  about***

20        ***the plans of the company's insiders to sell their shares of***

21        ***The Crypto Company's common stock.*** Questions have

22        also    arisen    concerning    potentially    ***manipulative***

23        ***transactions in the company's stock in November 2017***.

24        This order was entered pursuant to Section 12(k) of the

25        Exchange Act.

26                The    Commission    cautions    broker-dealers,

27        shareholders, and prospective purchasers that they should

28        carefully consider the foregoing information along with all

other currently available information and any information subsequently issued by the company.

Further, brokers and dealers should be alert to the fact that, pursuant to Rule 15c2-11 under the Exchange Act, at the termination of the trading suspension, no quotation may be entered unless and until they have strictly complied with all of the provisions of the rule. If any broker or dealer has any questions as to whether or not the has complied with the rule, he should not enter any quotation but immediately contact the staff in the Division of Trading and Markets, Office of Interpretation and Guidance, at (202) 551-5777. If any broker or dealer is uncertain as to what is required by Rule 15c2-11, he should refrain from entering quotations relating to The Crypto Company's securities until such time as he has familiarized himself with the rule and is certain that all of its provisions have been met.

If any broker or dealer enters any quotation which is in violation of the rule, the Commission will consider the need for prompt enforcement action. If any broker-dealer or other person has any information which may relate to this matter, contact Katharine Zoladz, Assistant Regional Director, Los Angeles Regional Office, at (323) 965-3998 or Roberto A. Tercero, Senior Counsel, Los Angeles Regional Office, at (323)965-3891. The Commission appreciates the assistance of the Financial Industry Regulatory Authority and OTC Markets Group, Inc.

(Emphasis added.)

25.     The Company stock was trading at $575 per share at the time trading was suspended.

## DUTIES OF DEFENDANTS

26.     By reason of their positions as officers, directors, and/or fiduciaries of Crypto and because of their ability to control the business and corporate affairs of Crypto, Defendants owed the Company and its shareholders fiduciary obligations of trust, loyalty, good faith and due care, and were and are required to use their utmost ability to control and manage Crypto in a fair, just, honest, and equitable manner.  Defendants were and are required to act in furtherance of the best interests of Crypto and its shareholders so as to benefit all shareholders equally, and not in furtherance of their personal interest or benefit.

27.     Each director and officer of the Company owes to Crypto and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, as well as the highest obligations of fair dealing.  In addition, as officers and/or directors of a publicly held company, Defendants had a duty to promptly disseminate accurate and truthful information with regard to the Company's operations, finances, financial condition, and present and future business prospects so that the market price of the Company's stock would be based on truthful and accurate information.

28.     Defendants, because of their positions of control and authority as directors and/or officers of Crypto, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein, as well as the contents of the various public statements issued by the Company.  Because of their advisory, executive, managerial and directorial positions with Crypto, each of the Defendants had access to adverse non-public information about the financial condition, operations, sales and marketing practices, and improper representations of Crypto.

29.     To discharge their duties, the officers and directors of Crypto were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the financial affairs of the Company.   By virtue of such duties, the officers and directors of Crypto were required to, among other things:

a)     ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the investing public;

b)     conduct the affairs of the Company in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

c)     properly and accurately guide investors and analysts as to the true financial condition of the Company at any given time, including making accurate statements about the Company's business prospects, and ensuring that the Company maintained an adequate system of financial controls such that the Company's financial reporting would be true and accurate at all times;

d)     remain informed as to how Crypto conducted its operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, make reasonable inquiry in connection therewith, take steps to correct such conditions or practices and make such disclosures as necessary to comply with federal and state securities laws; and

e)     ensure that the Company was operated in a diligent, honest and prudent manner in compliance with all applicable federal, state and local laws, rules and regulations;

30.     Each Defendant, by virtue of his position as a director and/or officer, owed to the Company and to its shareholders the fiduciary duties of loyalty, good faith, and the exercise of due care and diligence in the management and

administration of the affairs of the Company, as well as in the use and preservation of its property and assets. The conduct of Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of Crypto, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its shareholders that Defendants were aware or should have been aware posed a risk of serious injury to the Company.

31. Each director and officer of the Company owed to Crypto the fiduciary duty to exercise due care and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of good faith and fair dealing. In addition, as officers and/or directors of a publicly held company, Defendants had a duty not to advance their own personal, financial, or economic interests over, and at the expense of, the Company's public shareholders, or to allow other Crypto directors, officers, and/or employees to do so. Each director and officer of the Company also owed Crypto and its shareholder-owners the duty to maintain the Company's confidential information and prevent others from misappropriating and/or trading while in possession of the Company's proprietary, confidential information.

32. Defendants breached their duties of loyalty and good faith by causing the Company to misrepresent the information as detailed *infra.* Defendants' subjected the Company to the costs of defending and the potential liability from a class action lawsuit for violations of the federal securities laws. As a result, Crypto has expended, and will continue to expend, significant sums of money.

33. Defendants' actions have irreparably damaged Crypto's corporate image and goodwill.

**DEMAND FUTILITY ALLEGATIONS FOR THE BOARD OF CRYPTO**

34. Plaintiff will adequately and fairly represent the interests of Crypto and its shareholders in enforcing and prosecuting its rights.

35.     Plaintiff brings this action derivatively in the right and for the benefit of Crypto to redress injuries suffered and to be suffered by Crypto because of the breaches of fiduciary duty by Defendants.

36.     Because of the facts set forth herein, Plaintiff has not made a demand on the Board of Crypto to institute this action against Defendants.  Such demand would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action.

37.     The Crypto Board is currently comprised of Poutre, Gilbert and Strickland.  Thus, Plaintiff is required to show that a majority of Defendants, *i.e.*, two (2), cannot exercise independent objective judgment about whether to bring this action or whether to vigorously prosecute this action.

38.     Defendants face a substantial likelihood of liability in this action because they caused Crypto to issue false and misleading statements concerning the information described herein.  Because of their advisory, executive, managerial, and directorial positions with Crypto, Defendants had knowledge of material non-public information regarding the Company and was directly involved in the operations of the Company at the highest levels.

39.     Defendants either knew or should have known of the false and misleading statements that were issued on the Company's behalf and took no steps in a good faith effort to prevent or remedy that situation, proximately causing millions of dollars of losses for Crypto shareholders.

40.     Defendants (or at the very least a majority of them) cannot exercise independent objective judgment about whether to bring this action or whether to vigorously prosecute this action.  For the reasons that follow, and for reasons detailed elsewhere in this Complaint, Plaintiff has not made (and is excused from making) a pre-filing demand on the Board to initiate this action because making a demand would be a futile and useless act.

41.   Any suit by the Board to remedy these wrongs would likely expose the Company to further violations of the securities laws that would result in civil actions being filed; thus, the Board members are hopelessly conflicted in making any supposedly independent determination about whether to sue themselves.

42.   Defendants approved and/or permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from the Company's stockholders or recklessly and/or with gross negligence disregarded the wrongs complained of herein and are therefore not disinterested parties.

43.   Defendants authorized and/or permitted the Company to make false statements that disseminated directly to the public and made available and distributed to shareholders, authorized and/or permitted the issuance of various false and misleading statements, and are principal beneficiaries of the wrongdoing alleged herein, and thus, could not fairly and fully prosecute such a suit even if they instituted it.

## **DEFENDANTS ARE NOT INDEPENDENT**

**Defendant Poutre**

44.   Defendant Poutre is Chairman of the Board and CEO of Crypto at all relevant times.

45.   Defendant Poutre is not disinterested or independent, and therefore, is incapable of considering demand because Poutre (as CEO) is an employee of the Company who derived substantially all of his income from his employment with Crypto, making him not independent.  As such, Poutre cannot independently consider any demand to sue himself for breaching his fiduciary duties to the Company, because that would expose him to liability and threaten his livelihood.

46.   Poutre also owns 32.9% of all the outstanding shares.

47.   Defendant Poutre is a named Defendant in the instant action and in the securities class action entitled *Shepherdson v. The Crypto Company, et al.*, Case 2:17-cv-09157 (C.D. Cal.) ("Securities Class Action").

48.     This lack of independence and financial benefits received by Poutre renders him incapable of impartially considering a demand to commence and vigorously prosecute this action.

**Defendant Gilbert**

49.     Defendant Gilbert is the President and a member of the Board of the Company at all relevant times.

31.     Defendant Gilbert is not disinterested or independent, and therefore, is incapable of considering demand because Gilbert (as President) is an employee of the Company who derived substantially all of his income from his employment with Crypto, making him not independent.   As such, Gilbert cannot independently consider any demand to sue himself for breaching his fiduciary duties to the Company, because that would expose him to liability and threaten his livelihood

50.     Gilbert owns 39.3% of all the outstanding shares of the Company stock.

### FIRST CAUSE OF ACTION

### Against Defendants For Breach of Fiduciary Duty

51.     Plaintiff incorporates by reference and re-alleges each allegation contained above, as though fully set forth herein.

52.     Defendants owed and owe Crypto fiduciary obligations.  By reason of their fiduciary relationships, Defendants owed and owe Crypto the highest obligation of good faith, fair dealing, loyalty and due care.

53.     Defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

54.     The Relevant Period Defendants had actual or constructive knowledge that they had caused the Company to improperly misrepresent the business prospects of the Company.  These actions could not have been a good

1  faith exercise of prudent business judgment to protect and promote the
2  Company's corporate interests.

3      55.    As a direct and proximate result of Defendants' failure to perform
4  their fiduciary obligations, Crypto has sustained significant and actual damages.
5  As a result of the misconduct alleged herein, Defendants are liable to the
6  Company.

7      56.    Plaintiff, on behalf of Crypto, has no adequate remedy at law.

8                    **SECOND CAUSE OF ACTION**
9            **Against Defendants for Unjust Enrichment**

10     57.    Plaintiff incorporates by reference and re-alleges each and every
11  allegation set forth above, as though fully set forth herein.

12     58.    By their wrongful acts and omissions, Defendants were unjustly
13  enriched at the expense of and to the detriment of Crypto in the form of salaries,
14  bonuses, and other forms of compensation.

15     59.    Plaintiff, as a shareholder and representative of Crypto, seeks
16  restitution from Defendants, and each of them, and seeks an order of this Court
17  disgorging all profits, benefits and other compensation obtained by these
18  Defendants, and each of them, from their wrongful conduct and fiduciary
19  breaches.

20                    **PRAYER FOR RELIEF**
21      **WHEREFORE,** Plaintiff prays for relief and judgment as follows:

22      A.    Against Defendants in favor of the Company for the amount of
23  damages sustained by the Company as a result of Defendants' breaches of
24  fiduciary duties, gross mismanagement, and unjust enrichment;

25      B.    Awarding to Plaintiff the costs and disbursements of the action,
26  including reasonable attorney's fees, accountants' and experts' fees, costs, and
27  expenses; and

28

---
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

C.     Granting such other and further relief as the Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury.


DATED: January 24, 2018                   **THE WAGNER FIRM**

By: */s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel:    (212) 983-1300
Fax:   (212) 983-0383
tjmckenna@gme-law.com

*Attorneys for Plaintiff*

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT
17

### VERIFICATION

I, SYLVAIN HAMEL, declare that I have reviewed the Verified Shareholder Derivative Complaint ("Complaint") prepared on behalf of The Crypto Company and authorize its filing. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and for that reason believe them to be true. I further declare that I am a current holder, and have been a holder, of The Crypto Company common stock at all relevant times.

Date: January 22, 2018

_____
SYLVAIN HAMEL